IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARDINER BOSEY SMITH III, #A0246890 | CIV. NO. 06-00678 JMS-LEK |
| Plaintiff, | ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915 |
| vs. | |
| CITY AND COUNTY OF HONOLULU POLICE DEPARTMENT, et al., | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. § 1915**

Before the court is pro se Plaintiff Gardiner Bosey Smith III's first amended prisoner civil rights complaint. Doc. No. 7. Plaintiff names the City and County of Honolulu Police Department ("HPD"), HPD Chief Boisse Correa, HPD Detective Chris Lee, and HPD Officer Michael Dela Cruz as defendants to this action (collectively, "Defendants"). Plaintiff alleges that Defendants violated his civil rights by failing to hold a timely probable cause hearing after his warrantless arrest on March 15, 2007, and that this conduct also violated various state torts. For the following reasons, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), for failure to state a claim.

## I. BACKGROUND

Plaintiff alleges that, on March 15, 2006, at 7:45 p.m., he was arrested and detained for suspicion of Kidnapping in violation of Hawaii Revised Statute ("H.R.S.") § 707-720.  Amd. Comp. ¶ 10-11.  On March 17, 2006, Plaintiff claims that he received a copy of a complaint, filed in the District Court of the First Circuit, State of Hawaii ("District Court"), charging him with Terroristic Threatening in the First Degree in violation of H.R.S. § 707-716(1)(d).  Plaintiff states that eight days after his arrest, on March 23, 2006, a preliminary hearing was finally held, at which he was charged with Terroristic Threatening in the First Degree and Abuse of Family and Household Members in violation of H.R.S. § 709-906.  Am. Comp. ¶ 26.  Plaintiff alleges that he has never been given a Judicial Determination of Probable Cause.  Am. Comp. ¶ 28.  Plaintiff asserts that this failure violated the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981 & 1983, and constituted state law torts of negligence and intentional infliction of emotional distress.

Several weeks after he filed this action, Plaintiff filed a petition for writ of habeas corpus alleging substantially the same claims as alleged here.  *See Smith v. Frank*, Civ. No. 07-00039 JMS.  This court ordered Respondents to file a preliminary answer in Plaintiff's habeas action, specifically addressing Plaintiff's

claims that he was denied a probable cause hearing after his warrantless arrest on March 15, 2006. *Id.*, Doc. No. 7. Respondent filed the Preliminary Answer on May 22, 2007. *Id.*, Doc. No. 12. Appendix A to the Preliminary Answer is a copy of the Judicial Determination of Probable Cause for the Extended Restraint of Liberty of Warrantless Arrestee, pertaining to Plaintiff's March 15, 2006 arrest. The JDPC is dated March 16, 2006, 7:58 a.m., and is signed by the Honorable Faye M. Koyanagi, District Court judge. In signing the determination of probable cause, Judge Koyanagi attests that she was "satisfied that there [were] sufficient facts and circumstances establishing probable cause for the warrantless arrest of Gardiner Smith III, . . . and that grounds establishing probable cause for the extended restraint of liberty of the above-named warrantless arrestee exist[ed]." Prelim. Ans. App. A. On July 19, 2007, this court dismissed Plaintiff's Petition, specifically finding that Plaintiff "received a timely probably cause determination." Doc. No. 16 at 9.

## II.  LEGAL STANDARD

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous,

malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). The court must also dismiss a complaint or claim at any time, notwithstanding any fee that may have been paid, if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

\\\
\\\

## III.  **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

A state "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest."  *Gerstein v. Pugh*, 420 U.S. 103, 125 (1975).  "[A] jurisdiction that provides judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*."  *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).  A hearing that occurs within 48 hours, however, "may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably."  *Id.*[1]

Taking judicial notice of this court's own records and files in Civ. No. 07-0039, it is clear that, contrary to his assertions, Plaintiff was given a JDPC

---

[1] Under Hawaii law, "[a]s soon as practicable . . . [but] not later than 48 hours after the warrantless arrest of a person held in custody, a district judge shall determine whether there was probable cause for arrest."  Hawaii Rules of Penal Procedure ("H.R.P.P.") Rule 5(a)(2).

approximately twelve hours after he was arrested.[2]  He cannot claim, on the facts herein, that the hearing was "unreasonably delayed."  As such, Plaintiff has failed to state a claim as a matter of fact and law.  Plaintiff's Amended Complaint and action are therefore DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  Because the court is convinced that further amendment would be futile, this dismissal is WITH PREJUDICE and WITHOUT LEAVE GRANTED TO AMEND.

## IV.  <u>CONCLUSION</u>

Plaintiff's Amended Complaint and action are DISMISSED, with prejudice and without leave granted to amend, pursuant to  28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).  This dismissal shall count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g).  The court further notes that this is

\\\

\\\

\\\

---

[2] A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of L. A.*, 250 F.3d 668, 689-690 (9th Cir. 2001); *see also Interstate Natural Gas Co. v. So. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding that a court may take judicial notice of records and reports of administrative bodies); Fed. R. Evid. 210(b) ("a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")

Plaintiff's second strike in this court. *See Smith v. Donohue*, Civ. No. 01-00331 SOM (dismissed for failure to state claim on November 9, 2001).

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 19, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Smith v. Honolulu Police Dep't., et al.*, Civ. No. 06-00678 JMS-LEK; ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915; dmp/Screening Orders 07/ G. Bosey Smith III, 06-678 (dsm FTSC)